UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

NICOLE RIGGS                          CIVIL ACTION NO. 6:18-cv-00729

VERSUS                                JUDGE DOUGHTY

DXP ENTERPRISES, INC., ET AL.         MAGISTRATE JUDGE HANNA

## REPORT  AND  RECOMMENDATION

Pending before the court is the partial motion to dismiss (Rec. Doc. 7), which was filed by defendants DXP Enterprises, Inc. and Tranae Marks.  The motion is opposed.  (Rec. Doc. 17).  The motion was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court.  For the following reasons, it is recommended that the motion be GRANTED IN PART and DENIED IN PART.

## Background

This is a sexual harassment and employment discrimination lawsuit brought by the plaintiff, Nicole Riggs, against her former employer, DXP Enterprises, Inc., and her former coworkers, Brian Ross and Tranae Marks.  She asserted claims under Title VII of the Civil Rights Act of 1964 and the Louisiana Employment Discrimination Law.  She claims that she was discriminated against for having complained about sexual harassment by a customer, she claims that the sexual harassment resulted in her being subject to a hostile work environment, and she

claims that her employer's response to her complaints about this violated her constitutional rights protected under 42 U.S.C. § 1983.  The plaintiff also asserted Louisiana state-law claims for defamation, intentional infliction of emotional distress, negligent infliction of emotional distress, tortious interference with her contractual and business relationships, invasion of privacy, harassment, negligent hiring, negligent supervision, and negligent retention of employees.  Further, the plaintiff contended that she was denied leave under the Family and Medical Leave Act of 1993 ("FMLA"), and alleged that she filed a complaint with the Occupational Safety and Health Administration ("OSHA") after allegedly being forced to operate a forklift despite not being trained to do so.

In response to the plaintiff's complaint, the defendants filed the instant motion, seeking dismissal of some but not all of the plaintiff's claims.  The defendants are not seeking dismissal of the plaintiff's Title VII retaliation claim against DXP based on the termination of her employment or her state-law claims for defamation *per se* and intentional infliction of emotional distress against DXP and Marks.  However, the defendants are seeking dismissal of the plaintiff's Title VII claim related to events that occurred prior to the termination of her employment; her state-law sexual harassment claim against DXP; any sexual harassment, hostile work environment, or retaliation claim asserted against Marks; the plaintiff's Section 1983 claim; her FMLA claim; her OSHA claim; her negligence claims; the conspiracy

2

portion of her defamation claim against DXP and Marks; her claims for tortious interference with contracts and business relations; and her invasion of privacy claim. Alternatively, the defendants seek a more definite statement with regard to the plaintiff's invasion of privacy claim.

The plaintiff responded to the motion, explaining that her complaint was prepared in haste, conceding that some of her claims have no valid basis, and seeking an opportunity to amend the complaint, particularly in order to omit claims that are prescribed.

## Law and Analysis

### I.    The Motion to Dismiss

#### A.    The Rule 12(b)(6) Standard

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is properly granted when a defendant attacks the complaint because it fails to state a legally cognizable claim.[1]  When considering such a motion, a district court must limit itself to the contents of the pleadings, including any attachments thereto,[2] accept all well-pleaded facts as true, and view the facts in a light most favorable to

---

[1]    *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[2]    *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

the plaintiff.[3]  However, conclusory allegations and unwarranted deductions of fact are not accepted as true,[4] and courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[5]

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[6]  The allegations must be sufficient "to raise a right to relief above the speculative level,"[7] and "the pleading must contain something more. . . than. . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."[8]  "While a complaint. . . does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[9]  If the plaintiff fails to

---

[3]    *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[4]    *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498.

[5]    *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

[6]    *Bell Atlantic v. Twombly*, 127 U.S. at 570.

[7]    *Bell Atlantic v. Twombly*, 127 U.S. at 555.

[8]    *Bell Atlantic v. Twombly*, 127 U.S. at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).

[9]    *Bell Atlantic v. Twombly*, 127 U.S. at 555 (citations, quotation marks, and brackets omitted; emphasis added).  See also *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed."[10]

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11]    "[D]etermining whether a complaint states a plausible claim for relief. . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[12] Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim."[13]

A Rule 12(b)(6) motion to dismiss for failure to state a claim is the proper procedural device to raise a statute of limitations defense and may be granted when it is evident from the pleadings that the action is time barred and the pleadings fail to raise some basis for tolling the applicable prescriptive period.[14]    Furthermore,

---

[10]    *Bell Atlantic v. Twombly*, 127 U.S. at 570.

[11]    *Ashcroft v. Iqbal*, 556 U.S. at 678.

[12]    *Ashcroft v. Iqbal*, 556 U.S. at 679.

[13]    *Lormand v. US Unwired, Inc*., 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atlantic v. Twombly*, 127 U.S. at 556).  See also *In Re Southern Scrap*, 541 F.3d 584, 587 (5th Cir. 2008).

[14]    *Jones v. Alcoa, Inc*., 339 F.3d 359, 366 (5th Cir. 2003)

"Rule 12(b)(6) forms a proper basis for dismissal for failure to exhaust administrative remedies."[15]

### B.    The Section 1983 Claim

Section 1983 provides a claim against anyone who "under color of any statute, ordinance, regulation, custom, or usage, of any State" violates another's constitutional rights.[16]  Section 1983 is not itself a source of substantive rights; it merely provides a method for vindicating federal rights conferred elsewhere.[17]  To state a Section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.[18]  Whether the defendant acted under color of state law and is subject to liability under Section 1983 depends on the plaintiff's allegations.

Most rights secured by the Constitution protect only against infringement by governments.[19]  The deprivation of a federal right is attributable to the state and

---

[15]    *Martin K. Eby Const. Co., Inc. v. Dallas Area Rapid Transit*, 369 F.3d at 467 n. 4.

[16]    42 U.S.C. § 1983.

[17]    *Graham v. Connor*, 490 U.S. 386, 393-94 (1989); *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979); *Hernandez ex rel. Hernandez v. Texas Dep't of Protective & Regulatory Servs.*, 380 F.3d 872, 879 (5th Cir. 2004).

[18]    *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013); *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir.2000).

[19]    *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005).

therefore occurs under color of law when the deprivation is caused by the exercise of a right or privilege created by the state or by a rule of conduct imposed by the state or by a person for whom the state is responsible and when the party charged with the deprivation is a state actor, either because he is a state official, because he acted together with or obtained significant aid from state officials, or because his conduct is otherwise chargeable to the state.[20]  "Private individuals generally are not considered to act under color of law,"[21] and in this case, the plaintiff did not allege any facts tending to show that any of the defendants are state actors.  To the contrary, DXP is a private company rather than a governmental entity, and Ross and Marks are private individuals with no alleged connection to law enforcement or other forms of governmental activity.  There are no factual allegations tending to show that any of the defendants is a state actor, and in her briefing, the plaintiff conceded that she has no viable Section 1983 claim.  (Rec. Doc. 17 at 8-9).  Accordingly, it is recommended that the plaintiff's Section 1983 claim should be dismissed pursuant to Rule 12(b)(6).

### C.   The FMLA Claim

In her complaint, the plaintiff mentioned that she requested but was denied FMLA leave when she was recovering from surgery.  This claim is time barred.  The

---

[20]     *Ballard v. Wall*, 413 F.3d at 518.

[21]     *Ballard v. Wall*, 413 F.3d at 518; *Moody v. Farrell*, 868 F.3d 348, 352 (5th Cir. 2017).

general statute of limitations for FMLA claims is two years, while willful violations of the FMLA may be asserted within three years after the last event constituting an alleged violation of the statute.[22]

In her complaint, the plaintiff alleged that she requested and was denied FMLA leave on or around June 10, 2014.  She did not file this lawsuit until December 22, 2017.  Accordingly, the suit was filed more than three years after she requested leave and consequently after any potentially applicable limitations period elapsed.  Indeed, the plaintiff admitted in her briefing that any claim based on the allegations regarding her request for FMLA leave are time barred.  (Rec. Doc. 17 at 8-9).  Accordingly, it is recommended that any claim based on the plaintiff's allegations concerning FMLA leave should be dismissed due to the plaintiff's failure to state a claim on which relief can be granted.

### D.    The OSHA Claim

In her complaint, the plaintiff mentioned that she was allegedly required by DXP to operate a forklift even though she had no training on the use of that machine. She allegedly filed a complaint with OSHA regarding that incident.  The defendants interpreted these allegations as forming a part of the plaintiff's retaliatory discharge

---

[22]    29 U.S.C. § 2617(c).

claim arising under the Louisiana Whistleblower Statute, La. R.S. 23:967. Any claim arising under that statute is time barred.

The whistleblower statute does not specify a particular prescriptive period. Therefore, any claims asserted under that statute are subject to the general one-year prescriptive period set forth in Louisiana Civil Code Article 3492.[23] "It is well established that filing a charge with the EEOC does not suspend the running of prescription for claims asserted under Section 23:967."[24]   The plaintiff was terminated on February 22, 2016 and had until February 22, 2017 to bring a claim under the whistleblower statute. But her petition was not filed until December 2017. Therefore, it was filed too late. Furthermore, the plaintiff conceded in her briefing that any cause of action with regard to her having filed a complaint with OSHA was time barred. (Rec. Doc. 17 at 8-9). Accordingly, it is recommended that any claim based on the plaintiff's allegations regarding OSHA violations should be dismissed for the plaintiff's failure to state a claim on which relief can be granted.

### E.   The Tortious Interference with Contract Claim

Louisiana law recognizes the tort of intentional interference with contractual relations as arising out of Louisiana Civil Code Article 2315 and existing when a

---

[23]   See, e.g., *Williams v. Otis Elevator Co.*, 557 Fed. App'x 299, 302 (5th Cir. 2014).

[24]   *Hunter v. Jefferson Parish Public School System*, No. 17-2015, 2017 WL 2910992, at *7 (E.D. La. July 7, 2017).

corporate officer intentionally and unjustifiably interferes with a contractual relationship between his employer and the plaintiff.  To bring a successful claim, the plaintiff must prove:  (1) the existence of a contract or a legally protected interest between the plaintiff and the corporation; (2) the corporate officer's knowledge of the contract; (3) the officer's intentional inducement or causation of the corporation to breach the contract or his intentional rendition of its performance impossible or more burdensome; (4) the absence of justification on the part of the officer; (5) the causation of damages to the plaintiff by the breach of contract or difficulty of its performance brought about by the officer.[25]  Louisiana courts have not expanded the limited scope of this tort to other situations.[26]

In this case, there is no allegation that either of the two individual defendants are corporate officers in DXP, and in her opposition brief, the plaintiff conceded that she did not have a valid claim for tortious interference with a contract.  (Rec. Doc. 17 at 8-9).  Accordingly, the plaintiff's complaint contains an insufficient factual basis for this claim, and it should be dismissed due to the plaintiff's failure to state a claim on which relief can be granted.

---

[25]    *9 to 5 Fashions, Inc. v. Spurney*, 538 So. 2d 228, 234 (La. 1989).

[26]    See *Petrohawk Props., L.P. v. Chesapeake La., L.P.*, 689 F.3d 380, 395 (5th Cir. 2012) (discussing "the limited nature of Louisiana's claim for tortious interference with a contract").

### F.    The Tortious Interference with Business Relations Claim

To state a claim for tortious interference with business relations under Louisiana law, a plaintiff must show that the defendant improperly and maliciously influenced others not to deal with the plaintiff.[27]  Louisiana jurisprudence views this cause of action with "disfavor" and has limited it by requiring a plaintiff to show that the defendant acted with actual malice.[28]  Additionally, "it is not enough to allege that a defendant's actions affected the plaintiff's business interests; the plaintiff must allege that the defendant actually prevented the plaintiff from dealing with a third party."[29]

In this case, the plaintiff alleged that, after she was terminated from her employment with DXP, defendant Marks spread false information to the plaintiff's friends and prospective employers.  But there is no allegation that the plaintiff actually lost an employment opportunity or was not hired by any particular business due to Marks's alleged conduct.  There is no allegation that any prospective employer decided not to hire her because of Marks's alleged conduct, and there is

---

[27]    *Junior Money Bags, Ltd. v. Segal*, 970 F.2d 1, 10 (5th Cir. 1992); *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 601 (5th Cir. 1981).

[28]    *Brown v. Romero*, 05-1016 (La. App. 3 Cir. 02/01/06), 922 So.2d 742, 747, *writ denied*, 06-0480 (La. 05/05/06), 927 So.2d 315; *JCD Marketing, Co. v. Bass Hotels and Resorts, Inc.*, 01-1096 (La. App. 4 Cir. 03/06/02), 812 So.2d 834, 841.

[29]    *Bogues v. Louisiana Energy Consultants, Inc.*, 46,434 (La. App. 2 Cir. 08/10/11), 71 So.3d 1128, 1135.

no allegation that the plaintiff was prevented from doing business with any particular entity because of Marks's alleged conduct.  Accordingly, the facts alleged in the complaint are insufficient to support this claim, and the claim should be dismissed due to the plaintiff's failure to state a claim on which relief can be granted.

### G.    The Negligence Claims

The plaintiff asserted claims against DXP for negligent hiring, negligent training, negligent supervision, and negligent retention of its employees.  The defendants argued that the plaintiff has not stated valid negligence claims against DXP because DXP, as the plaintiff's employer, is immune from tort liability.  This Court agrees.

La. R.S. 23:1032 states that, except when injury results from intentional acts, Louisiana's workers' compensation statute provides the exclusive remedy for a person's claims that he was injured in the course and scope of his employment.  Accordingly, a worker is not permitted to sue his employer in tort.  Instead, "[w]orkers' compensation is an employee's exclusive remedy against an employer for injuries arising in the course and scope of employment resulting from negligence."[30]  This principle has been applied in numerous reported decision presenting factual scenarios comparable to those presented in this case.

---

[30]    *Quick v. Ronald Adams Contractor, Inc.*, 03-751 (La. App. 5 Cir. 11/25/03), 861 So.2d 278, 282.  See, also, *Debiew v. K-Mart Corp.*, No. CIV.A. 97-2563, 1998 WL 512987, at *4 (E.D.

In *Johnson v. LaShip, LLC,* for example, the plaintiff filed a lawsuit against her former employer after a coworker allegedly sexually harassed her. She contended that the employer was negligent in failing to train and supervise its employees, negligent in investigating her claims, and negligent for failing to provide her with a safe place to work. The defendant argued that these claims were precluded by the exclusivity provision of the workers' compensation statute, the plaintiff offered no counter argument, and the court dismissed the negligence claims.[31]

Similarly, in *Debiew v. K-Mart Corp.*, the plaintiff alleged that his employer was negligent in creating and fostering an unreasonable risk of harm and failing to train or supervise its employees, leading to race-based and gender-based discrimination. His negligence claims were dismissed as barred by the exclusivity provision of the Louisiana worker's compensation statute.[32]

The plaintiff did not address this issue in her opposition brief. Nevertheless, this Court finds that the plaintiff's negligence claims should be dismissed as precluded by the exclusivity provision of the applicable workers' compensation

---

La. Aug. 18, 1998) ("The Louisiana worker's compensation statute provides the exclusive remedy for an employee injured by the negligent acts of his co-employees or employer.").

[31]    *Johnson v. LaShip, LLC*, No. 16-570, 2018 WL 2735486, at *6 (E.D. La. June 7, 2018).

[32]    *Debiew v. K-Mart Corp.*, 1998 WL 512987, at *4.

13

statute.  Because DXP is immune from such claims, the plaintiff failed to state a negligence claim on which relief can be granted by the court.

### H.    The Conspiracy-to-Defame Claim

The plaintiff titled a section of the complaint "defamation and conspiracy to defame the plaintiff." (Rec. Doc. 1-1 at 9).  The defendants contend, however, that the plaintiff did not plead any facts supporting the existence of a conspiracy to defame the plaintiff.  Under Louisiana law a civil conspiracy claim requires the plaintiff to establish the existence of an agreement among two or more persons to commit an illegal or tortious act, an act that was actually committed pursuant to the agreement, an injury resulting from the act, and an agreement among the conspirators as to the intended outcome or result of the act.[33]  "To establish a conspiracy, a plaintiff is required to provide evidence of the requisite agreement between the parties, i.e., the plaintiff must establish a meeting of the minds or collusion between the parties for the purposes of committing an illegal or tortious act."[34]  But no facts were alleged regarding any agreement among the defendants.  More specifically, there is no allegation that the defendants agreed to defame the

---

[33]    See, e.g., *Curole v. Delcambre*, 2016-550 (La. App. 3 Cir. 08/02/17) 224 So.3d 1074, 1082, *writ denied*, 2017-1506 (La. 01/09/18), 231 So.3d 652, *writ denied*, 2017-1491 (La. 01/09/18), 231 So.3d 653.

[34]    *Jeff Mercer, LLC v. State through Department of Transportation and Development*, 51,371 (La. App. 2 Cir. 06/07/17), 222 So.3d 1017, 1024, *writ denied,* 2017-1442 (La. 12/05/17), 231 So.3d 625, *cert. denied*, 138 S.Ct. 1566 (2018).

plaintiff or to interfere with her ability to be hired by another company. Accordingly, the facts set forth in the plaintiff's complaint are insufficient to state a civil conspiracy claim upon which relief can be granted by the court. The plaintiff did not address this claim in her briefing. Therefore, the plaintiff's conspiracy to defame claim should be dismissed.

## I.    The Sexual Harassment, Hostile Work Environment, and Retaliation Claims Asserted Against Marks

In her complaint, the plaintiff generally alleged that all of the defendants violated Title VII and the comparable state law. Title VII makes it "an unlawful employment practice for an employer. . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion , sex, or national origin. . . ."[35] The statute defines the term "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees. . . and any agent of such a person."[36] Despite the statute's inclusion of agents in the definition of the term "employer," the Fifth Circuit does not interpret the statute as imposing individual liability for Title VII claims.[37] Because the concept of *respondeat superior* liability was incorporated in

---

[35]    42 U.S.C. § 2000e-2(a)(1).

[36]    42 U.S.C. §§ 2000e(b), 2000e-2.

[37]    *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999).

15

Title VII, a Title VII suit against an employee is actually a suit against the business entity that employed that person.[38]  Thus, a plaintiff is not entitled to maintain a Title VII action against both a corporation and its agent in an official capacity because the corporation would then be held liable for the same act twice.[39]  "[R]elief under Title VII is available only against an employer, not against an individual supervisor or fellow employee."[40]  Or, as stated in another decision, "[i]ndividuals are not liable under Title VII in either their individual or official capacities."[41]

The same principle applies to claims under the Louisiana equivalent of Title VII, the Louisiana Employment Discrimination Law, La. R.S. 23:301, *et seq*., which defines an employer as "a person, association, legal or commercial entity. . . receiving services from an employee and, in return, giving compensation of any kind to an employee" and also having at least twenty employees.[42]

There are no allegations that Marks meets the definition of the term "employer," either as it is defined in Title VII or as it is defined in the LEDL.  To the contrary, the allegations set forth in the complaint are that Marks was a DXP

---

[38]    *Indest v. Freeman Decorating, Inc*., 164 F.3d at 262.

[39]    *Indest v. Freeman Decorating, Inc*., 164 F.3d at 262.

[40]    *Foley v. University of Houston System*, 355 F.3d 333, 340 n. 8 (5th Cir. 2003).

[41]    *Ackel v. National Communications, Inc*., 339 F.3d 376, 382 n. 1 (5th Cir. 2003).

[42]    La. R.S. 23:302(2).

employee.  (Rec. Doc. 1-1 at 1, 10).  In her briefing, the plaintiff did not address the defendants' arguments.  Accordingly, the plaintiff has failed to state a claim against Marks under Title VII or the LEDL on which the court can grant relief, and those claims should be dismissed.

### J.    The Remaining Claims

The defendants argued in support of the pending motion that the plaintiff failed to exhaust her administrative remedies with regard to the Title VII claims addressed in her first EEOC charge and failed to timely file suit with regard to the claims asserted in her first EEOC charge.  The defendants also argued that, except for the plaintiff's retaliatory discharge claim, the plaintiff's Title VII claims are time barred.   The defendants further argued that the plaintiff's state-law sexual harassment, hostile work environment, and retaliation claims have prescribed.

In response to the defendants' motion, the plaintiff requested an opportunity to amend her complaint to remove any time-barred claims.  "A motion to dismiss under rule 12(b)(6) 'is viewed with disfavor and is rarely granted.'"[43]   Under Fed. R. Civ. P. 15, a court should freely give leave to amend a complaint when justice so requires.  Therefore, a court "[g]enerally . . . should not dismiss an action for failure to state a claim under Rule 12(b)(6) without giving plaintiff 'at least one chance to

---

[43]    *Lowrey v. Texas A & M University System*, 117 F.3d 242, 247 (5th Cir. 1997) (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)).

amend.'"[44]  Indeed, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner which will avoid dismissal."[45]  The decision to allow amendment of a party's pleadings is within the sound discretion of the district court.[46]

This Court finds that it would be inequitable to dismiss the plaintiff's state and federal claims for sexual harassment, hostile work environment, and retaliation against DXP without first allowing the plaintiff an opportunity to remedy the deficiencies of her original complaint.  Therefore, it is recommended that the plaintiff be permitted to file an amended complaint for the purpose of clarifying the factual allegations underlying these claims, particularly with regard to the time frames during which any actionable conduct allegedly occurred.  It is also recommended that the defendants be afforded an opportunity to file another Rule 12(b)(6) motion to dismiss if necessary or appropriate following the filing of the amended complaint.

---

[44]     *Hernandez v. Ikon Office Solutions, Inc*., 306 F. App'x 180, 182 (5th Cir. 2009); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co*., 313 F.3d 305, 329 (5th Cir. 2002).  See also *Jackson v. Procunier*, 789 F.2d 307, 310 (5th Cir. 1986).

[45]     *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co*., 313 F.3d at 329.

[46]     *Norman v. Apache Corp*., 19 F.3d 1017, 1021 (5th Cir. 1994); *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc*., 933 F.2d 314, 320 (5th Cir. 1991).

## II.    **The Rule 12(e) Motion for a More Definite Statement**

### A.    **The Applicable Standard**

Rule 8(a) of the Federal Rules of Civil Procedure requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Pursuant to Rule 8(a), a complaint will be deemed inadequate only if it fails to (1) provide notice of the circumstances that gave rise to the claim, or (2) set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist.[47]  A motion for more definite statement, under Rule 12(e) of the Federal Rules of Civil Procedure, is appropriate "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice."[48]  Thus, when a complaint is so vague or ambiguous that the defendant cannot reasonably prepare a response, the defendant is permitted to file such a motion.

Motions for a more definite statement are "generally disfavored"[49] and are "granted sparingly."[50]  Although a party may employ Rule 12(e) to enforce the

---

[47]    *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999) (citing *General Star Indemnity, Co. v. Vesta Fire Ins. Corp.*, 173 F.3d 946, 950 (5th Cir. 1999)).

[48]    *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

[49]    § 1377 Motion for a More Definite Statement—Current Practice Under Rule 12(e), 5C Fed. Prac. & Proc. Civ. § 1377 (3d ed.).

[50]    § 1376 Motion for a More Definite Statement—Scope of Amended Rule 12(e), 5C Fed. Prac. & Proc. Civ. § 1376 (3d ed.).

minimum requirement of Rule 8's notice pleading, Rule 12(e) is not a substitute for discovery and should not be granted when the defendant is complaining about matters that can either be clarified or developed during discovery  Indeed, "a motion for a more definite statement will not be granted where the moving party can reasonably respond to the non-movant's pleading, but wants the non-movant to plead additional information that could otherwise be later gained through discovery."[51]

When a party moves for a more definite statement, the court is afforded discretion to determine whether the complaint is such that a party cannot reasonably be required to frame a responsive pleading.[52]

### B.    The Plaintiff's Invasion of Privacy Claim

In her complaint, the plaintiff expressly asserted that the defendants invaded her privacy rights.  However, the complaint contains no factual underpinnings for that claim.  The defendants argued that the invasion of privacy claim should be dismissed under Rule 12(b)(6) and alternatively argued that the plaintiff should be required to provide a more definite statement of her invasion of privacy claim.

This Court finds that the asserted claim is so vague and lacking in factual support that the defendants are unable to formulate a meaningful response.

---

[51]    *Brown v. Maxxam, Inc.*, No. 90–1468, 1991 WL 13918, at *2 (E.D. La. Jan. 28, 1991), affirmed, 993 F.2d 1543 (5th Cir. 1993) (citing *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959)).

[52]    *Mitchell v. E–Z Way Towers, Inc.*, 269 F.2d at 130.

Accordingly, this Court recommends that the plaintiff should be ordered to amend her complaint to articulate a more definite statement of her invasion of privacy claim.

## <u>Conclusion</u>

For the foregoing reasons,

IT IS RECOMMENDED that the defendants' Rule 12(b)(6) motion to dismiss (Rec. Doc. 7) should be GRANTED IN PART and DENIED IN PART. More particularly, it is recommended that the Rule 12(b)(6) motion should be granted with regard to the following claims and these claims be dismissed with prejudice: the Section 1983 claim; the FMLA claim; the OSHA claim; the tortious interference with contract claim; the tortious interference with business relations claim; the negligence claims; the conspiracy-to-defame claim; the sexual harassment, hostile work environment, and retaliation claims against Marks; and it is recommended that the Rule 12(b)(6) motion should be denied with regard to all other claims.

IT IS FURTHER RECOMMENDED that the defendants' Rule 12(e) motion for a more definite statement (Rec. Doc. 7) should be granted with regard to the plaintiff's invasion of privacy claim, and the plaintiff should be ordered to amend her complaint to clarify her invasion of privacy claim.

IT IS FURTHER RECOMMENDED that, with regard to all claims not recommended to be dismissed, the plaintiff should be ordered to file an amended complaint, particularly in order to omit any and all prescribed claims.

21

IT IS FURTHER RECOMMENDED that, after the plaintiff has filed an amended complaint, the defendants should be afforded an opportunity to file another motion to dismiss if necessary and appropriate.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, this 2nd  day of August 2018

PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

22