UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| NICOLE RIGGS | CIVIL ACTION NO. 6:18-cv-00729 |
| VERSUS | JUDGE DOUGHTY |
| DXP ENTERPRISES, INC., ET AL. | MAGISTRATE JUDGE HANNA |

**ORDER**

Currently pending before the court are two motions to strike certain portions of the plaintiff's amended complaint and to dismiss certain of the plaintiff's claims, which were filed by defendants DXP Enterprises, Inc. d/b/a C.W. Rod Tool Co. (Rec. Doc. 35) and Tranae Marks (Rec. Doc. 36). The motions are opposed. (Rec. Doc. 41). The motions were referred to the undersigned Magistrate Judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. For the following reasons, it is ordered that the motions to dismiss are converted to motions for summary judgment, and it is further ordered that additional evidence shall be submitted by the parties.

This is an employment discrimination lawsuit brought by the plaintiff, Nicole Riggs, against her former employer, DXP, and her former coworkers, Brian Ross[1]

---

[1] Mr. Ross was named as a defendant in the plaintiff's original complaint but he was not named as a defendant in the plaintiff's amended complaint. This Court therefore assumes that the plaintiff's claims against Mr. Ross were abandoned.

and Tranae Marks.  The plaintiff asserted claims under Title VII of the Civil Rights Act of 1964 and the Louisiana Employment Discrimination Law.  In her original complaint, she contended that she was discriminated against for having complained about sexual harassment by a customer, that the sexual harassment resulted in her being subject to a hostile work environment, and that her employer's response to her complaints about this violated her constitutional rights protected under 42 U.S.C. § 1983.  The plaintiff also asserted Louisiana state-law claims for defamation, intentional infliction of emotional distress, negligent infliction of emotional distress, tortious interference with her contractual and business relationships, invasion of privacy, harassment, negligent hiring, negligent supervision, and negligent retention of employees.  Further, the plaintiff contended that she was denied leave under the Family and Medical Leave Act of 1993 ("FMLA"), and she alleged that she filed a complaint with the Occupational Safety and Health Administration ("OSHA") after allegedly being forced to operate a forklift despite not being trained to do so.

In response to the plaintiff's complaint, the defendants filed a motion, seeking dismissal of some – but not all—of the plaintiff's claims.  The defendants did not seek dismissal of the plaintiff's Title VII retaliation claim against DXP based on the termination of her employment or her state-law claims for defamation *per se* and intentional infliction of emotional distress against DXP and Ms. Marks.  The court granted the motion in part and dismissed the following claims with prejudice:  the

2

Section 1983 claim, the FMLA claim, the OSHA claim, the tortious interference with contract claim, the tortious interference with business relations claim, the negligence claims, and the conspiracy-to-defame claim. (Rec. Doc. 27 at 1). The court also dismissed with prejudice any sexual harassment, hostile work environment, and retaliation claims asserted against Ms. Marks. (Rec. Doc. 27 at 1). The court ordered the plaintiff to file an amended complaint "in order to omit any and all prescribed claims and to clarify her invasion of privacy claim" (Rec. Doc. 27 at 1) and expressly reserved the defendants' right to file another motion to dismiss after the amended complaint was filed. Thereafter, the plaintiff filed her amended complaint. (Rec. Doc. 30), and the defendants filed the instant motions to strike and to dismiss (Rec. Docs. 35 and 36).

One issue that was not resolved when originally presented in the defendants' first motion to dismiss was the timeliness of certain of the plaintiff's claims, and that issue was asserted again in the instant motions to dismiss. The defendants argued in support of their first motion to dismiss that the plaintiff failed to exhaust her administrative remedies with regard to the Title VII claims addressed in her first EEOC charge and failed to timely file suit with regard to the claims asserted in her first EEOC charge. The defendants also argued that, except for the plaintiff's retaliatory discharge claim, the plaintiff's Title VII claims are time-barred. The defendants further argued that the plaintiff's state-law sexual harassment, hostile

work environment, and retaliation claims have prescribed. In response to the first motion to dismiss, the plaintiff requested an opportunity to amend her complaint to remove any time-barred claims, and the court granted that request. The amended complaint omitted the sexual harassment and hostile work environment claims that were asserted in the original complaint but reiterated the plaintiff's claims for retaliatory termination of employment under both Title VII and Louisiana law. In support of the new motion to dismiss, the defendants argued – again – that the retaliation claims are time-barred.

This Court cannot determine, from the face of the plaintiff's amended complaint, whether the retaliatory discharge claims are time-barred. The amended complaint does not allege that claims were filed with the EEOC and does not allege that a right-to-sue letter was obtained from the EEOC. However, in their briefing, the plaintiff and the defendants refer to two EEOC charges and a right-to-sue letter, copies of which were attached to the plaintiff's opposition brief (Rec. Doc. 41). The dates of the charges and the letters are critical to evaluating whether the plaintiff exhausted her administrative remedies and whether her claims were filed timely. In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a district court generally must limit itself to the contents of the pleadings, including attachments

thereto.[2] The court may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims.[3] If a court considers materials outside of the pleadings, the motion to dismiss must be treated as a motion for summary judgment,[4] and the nonmovant must be afforded the procedural safeguards of Fed. R. Civ. P. 56.[5]

In this case, the parties' briefing references materials outside the pleadings and makes it clear that additional evidence is necessary to the resolution of the primary issue presented in the defendants' motions to dismiss, i.e., whether the plaintiff's remaining claims were timely filed. Therefore, this Court will convert the motion to dismiss to a motion for summary judgment. When such a conversion occurs, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."[6] Accordingly,

---

[2] *Brand Coupon Network, L.L.C. v. Catalina Marketing Corp.*, 748 F.3d 631, 635 (5th Cir. 2014).

[3] *Brand Coupon Network, L.L.C. v. Catalina Marketing Corp.*, 748 F.3d at 635; *Walch v. Adjutant General's Dept. of Texas*, 533 F.3d 289, 293-94 (5th Cir. 2008). See, also, *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205; *Collins v. Morgan Stanley*, 224 F.3d at 498–99.

[4] Fed. R. Civ. P. 12(d).

[5] *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 283 (5th Cir. 1993); *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1284 (5th Cir. 1990).

[6] Fed. R. Civ. P. 12(d).

IT IS ORDERED that the defendants' motions to dismiss (Rec. Doc. 35 and 36) are converted to motions for summary judgment; and

IT IS FURTHER ORDERED that the parties shall supplement the record in support of or in opposition to the pending motions, as converted, by filing in the record, not later than December 20, 2018,

(a) a supplement brief not longer than ten pages, addressing the timeliness of the plaintiff's claims; and

(b) any relevant and appropriate summary-judgment-style evidence that will aid the court in resolving the timeliness issue.

IT IS FURTHER ORDERED that, in the interest of judicial economy, the other issues raised in the pending motions (Rec. Docs. 35 and 36) will be resolved at the same time as a report and recommendation is issued with regard to the converted motions for summary judgment.

Signed at Lafayette, Louisiana, on December 6, 2018.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE