UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| NICOLE RIGGS | CIVIL ACTION NO. 6:18-cv-00729 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| D X P ENTERPRISES, INC., ET AL. | MAG. JUDGE PATRICK J. HANNA |

RULING

Pending before the Court is a Motion for Summary Judgment [Doc. No. 57] filed by Defendant Tranae Marks ("Marks"). Marks moves for summary judgment dismissing Plaintiff Nicole Riggs' ("Riggs") claims for intentional infliction of emotional distress ("IIED") and defamation.

On October 9, 2019, Riggs filed a Memorandum in Opposition to the Motion for Summary Judgment [Doc. No. 65].

On October 16, 2019, Marks filed a Reply Memorandum in support of her Motion for Summary Judgment [Doc. No. 66].

For the following reasons, Marks' Motion for Summary Judgment is GRANTED, and Riggs' IIED and defamation claims are DISMISSED WITH PREJUDICE.

I. FACTS

Riggs and Marks were co-employees at Defendant DXP Enterprises, Inc. ("DXP"). Both were ITS technicians. ITS technicians prepare and deliver orders for machine parts for customers.

Riggs and Marks got along well at first, but the relationship changed for the worst after Riggs returned from surgery leave in August 2014.

Riggs was discharged by DXP on February 22, 2016.

Riggs alleges that on December 7, 2016, Marks defamed her. Riggs testified that on that date, Marks was at Loadmaster Industries ("Loadmaster") making a delivery. While there, Marks allegedly made comments about her. Riggs testified that she was called immediately after Marks had left the premises to let her know that Marks had allegedly made the comments, although she does not state who called her [Doc. No. 57-5, p. 10].

On December 8, 2016, Sheila Price, a Loadmaster employee, sent an email to Riggs' fiance, Keith Domingues ("Domingues") who also works at Loadmaster. Price's email states as follows:

> Yesterday 12/7/2016 the girl from CW Rod [Marks] walked in and asked, "Why didn't we hire Nikki [Riggs] to work with us". I responded with, "she has her own business and is doing well, making good money" Her immediate response was, Oh, selling pills?" I said, "No, but whatever it is she is doing real well, if she is selling pills shoot, I want to get in on that." She responded by saying, she will throw you under the bus. I replied and said, well, I'm smart enough to save bail money first." She then said, "You would have to", while walking out the door. I said, "I wasn't mad at Nikki because she is making good money doing her home business."

[Doc. No. 57-5, p. 14].

Riggs testified in her deposition that this email is the reason she sued Marks [Doc. No. 57-5, p. 11]. The only individuals present for Marks' alleged comment were Price, Kynifes Jones, and Danette Mandeville, all Loadmaster employees [*Id.*]. Riggs never spoke to any of the individuals who supposedly heard Marks' comment [*Id.*, p. 12]. All she knows about what allegedly transpired on December 7, 2016, is what is contained in the email. Riggs testified that the statement in the email attributed to Marks, namely "oh, selling pills?" was untrue. She also testified that the statement in the email attributed to Price, specifically that "[Riggs] has her own business and is doing well making good money" is also untrue [*Id.*]. The alleged remark about selling pills is the only thing Riggs claims to be defamatory [*Id.*, p. 13]. Marks did nothing else to her that she considered inappropriate or that caused her real problems [*Id.*].

2

In her deposition, Riggs was asked to identify the acts of DXP that caused her emotional distress. At no point in her testimony did Riggs attribute any of the actions causing her emotional distress to Marks. She testified that she was not given the help she requested which interfered with her job. She also testified that she was ostracized and forced to deal with work issues on her own. She testified she was made to feel that she was not wanted at DXP [*Id.*, p. 8].

When asked to describe the emotional distress she suffered, she testified that she was "not sleeping, not eating, crying constantly," and it began when she returned from her surgery in August 2014 [*Id.*, at p. 9].

Riggs' employment was terminated by DXP on February 22, 2016. Riggs filed this lawsuit in state court against Marks and the other Defendants on December 22, 2017. After the matter was removed to this Court, motions to dismiss and to strike were filed by Marks and the other Defendants. On January 8, 2019, the Court granted those motions in part and determined that "the plaintiff's remaining claims will be her Title VII claim for retaliatory termination of her employment against DXP, her state-law intentional infliction of emotional distress claim against DXP and Ms. Marks, and her defamation per se claim against DXP and Ms. Marks." [Doc. No. 50]. A judgment was entered on January 23, 2019. [Doc. No. 52].

On September 10, 2019, Marks filed the instant motion, seeking dismissal of Riggs' IIED and defamation claims against her. The motion is fully briefed, and the Court is now prepared to rule.

## II. LAW AND ANALYSIS

### A. Standard of Review for Summary Judgment

Summary judgment "shall [be] grant[ed] . . . if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

3

law." FED. R. CIV. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id*.

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.

### B. Analysis

In her motion, Marks first seeks summary judgment dismissing Riggs' IIED and defamation claims on the basis of prescription. Alternatively, she seeks summary judgment on the basis that Riggs cannot meet her ultimate burdens of proof for either of the claims.

#### 1. The IIED and Defamation Claims are Prescribed

Marks contends that the IIED and defamation claims are based on conduct which allegedly occurred more than one year prior to the December 22, 2017 date on which the lawsuit was filed and thus should be dismissed as prescribed.

Louisiana's law on prescription controls because a "federal court sitting in diversity will apply state prescription periods as substantive law." 09-2499, *Ricard v. Essex Ins. Co.,* 2009 WL 2762711, at *2 (E.D. La. Aug. 26, 2009). Delictual actions have a one-year prescriptive period, which "commences to run from the day injury or damage is sustained." LA. CIV. CODE ART. 3492.

Defamation is a delictual claim and is subject to the one-year prescriptive period. *Ioppolo v. Rumana*, 06-193, 2012 WL 4960385, at *5 (.M.D. La. Oct. 16, 2012); s*ee also Wiggins v. Creary,* 475 So.2d 780, 781 (La.App. 1 Cir.1985). Similarly, because intentional infliction of emotional distress is a tort claim, it is subject to a one-year prescriptive period. *Ioppolo*; s*ee also Godfrey v. Reggie,* 2011–1575 (La. App. 2 Cir. 5/2/12); 94 So.3d 82, 89.

For prescription purposes, "damages are sustained from the date the injury is inflicted, if immediately apparent to the victim, even though the extent of the damages may not yet be known." *Collinson v. Tarver Land Dev., LLC,* 11-1787, 2012 WL 688551, at *1 (W.D. La. Feb. 1, 2012); *see also Rice v. Felterman*, 00-2525 (La. App. 1st Cir. 3/28/02), 814 So. 2d 696 ((Former employee's defamation action against employer accrued, and one-year prescriptive period began to run, when employee first learned that employer filed form with National Association of Securities Dealers (NASD) stating that employee was terminated for free riding and expense account abuse.))

On its face, Riggs' IIED and defamation action was filed outside of the one-year prescriptive period. It was therefore incumbent on her to show that the claims are not prescribed. *Rice*, 814 So. 2d at 699.

Riggs argues first that the filing of a second charge of discrimination with the EEOC on May 26, 2016, for which she received a "Dismissal and Notice of Rights" Form on September 26, 2017, interrupted prescription with regard to her IIED and defamation claim against Marks. However, Marks was not her "employer" under Title VII, nor was Marks designated as a respondent in the EEOC charge. Additionally, it is well-settled that administrative claims filed with the EEOC do not interrupt prescription for Louisiana state tort claims. Courts in the Fifth Circuit hold that the filing of such a charge does not toll, interrupt, or suspend prescription for tort

5

claims. *See Taylor v. Bunge Corp.*, 775 F.2d 617, 618-19 (5th Cir. 1985); *Fussell v. BellSouth Communications, Inc.,* No. 96-1660, 1998 WL 12229, *2 (E.D. La. Jan.8, 1998); *Roth v. N.J. Malin & Associates*, 98-1793, 1998 WL 898367, *5 (E.D. La. Dec. 21, 1998); *Brouillette v. TransAmerican Refining Corp.*, 95-0584, 1995 WL 683869, *4 (E.D. La. Nov. 11, 1995) ("plaintiff's federal and state law claims are not embodied in the same legislative scheme...consequently, plaintiff's filing of administrative proceedings do not operate to toll or suspend the prescriptive period on plaintiff's state law claims.") This authority dispels the arguments of Riggs as to timeliness based on the filing of an EEOC charge.

Riggs next suggests that defamation is a continuing tort. However, Louisiana state and federal courts have held that defamation is not a continuing tort. Instead, each and every publication or communication of a defamatory statement to a third person constitutes a separate cause of action under Louisiana law. *Davis v. National Broadcasting Co*., 320 F. Supp. 1070, 1072 (E.D. La. 1970) ("every publication of a libel is a separate tort for which an independent action may be maintained...and for which a new prescriptive period runs."); *Reed v. Baton Rouge Crime Stoppers*, 2011-0618 (La. App. 1st Cir. 11/9/11), 2011 WL 5419678, *1.

In *Wiggins, supra,* a defamation claim was brought against an individual who made alleged defamatory statements to a reporter, who in turn reported the comments in a news article. The action was filed within one-year of the publication of the article, but not within one-year of the defendant's statements. The court held that the action was prescribed:

> Defamation is not a continuous tort. The principle articulated in *South Central Bell* applies only when continuous conduct gives rise to continuing damages. Since each and every publication, or communication, of a defamatory statement to a third person constitutes a separate cause of action, *Neyrey v. LeBrun*, 309 So.2d 722 (La. App. 4th Cir. 1975), the conduct causing the damages, i.e. the publication, cannot be said to be continuous.

6

*Id.*; *see also Brandner v. Molonguet*, 2014-0712 (La. App. 1st Cir. 12/23/14), 2014 WL 7332206.

Finally, Riggs argues that the *contra non valentem* doctrine should apply here and excuse her delay in filing in suit. "Louisiana courts strictly construe this doctrine and only extend its benefits up to the time that the plaintiff has actual or constructive knowledge of the tortious act," which is "the time at which the plaintiff has information sufficient to excite attention and prompt further inquiry." *Eldredge v. Martin Marietta Corp.*, 207 F.3d 737, 742 (5th Cir. 2000) (citing *Dickson v. Houck*, 466 So.2d 557-59 (La. App. 2nd Cir. 1985)); *Plaquemines Parish Commission Council v. Delta Dev. Co.*, 502 So.2d 1034 (La. 1987).

Riggs testified that on December 7, 2016, she was called immediately to let her know that Marks had asked the "oh, selling drugs?" question about her that day. On December 8, 2016, Riggs was provided with the email from Sheila Price describing the conversation. The alleged remark referenced in the email is the only statement Riggs claims to be defamatory by Marks. Based on the law and these facts, the *contra non valentem* doctrine has no application. As of December 7, 2016, Riggs had sufficient facts and a reasonable basis for knowing that she had been allegedly defamed.

Riggs has presented the Court with no evidence to justify application of the *contra non valentem* exception. There is no evidence that: (1) there was a legal cause for preventing a court from taking cognizance of her claim; (2) there was a condition which prevented her from suing; (3) Marks did anything to prevent her from availing herself of the claim; and (4) the cause of action was not known or reasonably knowable by her. *Plaquemines Parish Commission Council*, 502 So.2d at 1056. Therefore, there is no equitable basis in the record that would justify the tolling of the prescriptive period. As such, all tort claims against Marks should be dismissed.

Riggs testified that on December 7, 2016, she was "immediately" made aware of the comments, and she has offered no evidence that would result in the tolling or suspension of the one-year prescriptive period. Therefore, she had until December 7, 2017, to file suit. Suit was not filed until December 22, 2017. Riggs' IIED and defamation claims against Marks are thus prescribed. Summary judgment is therefore warranted dismissing those claims with prejudice.

### 2. Riggs Cannot Meet her Burden of Proving IIED or Defamation

Having determined that Riggs' IIED and defamation claims against Marks are prescribed, the Court need not address Marks' alternative arguments that Riggs cannot meet her ultimate burden of proving IIED or defamation.

### III. CONCLUSION

Based on the foregoing, Marks' Motion for Summary Judgment [Doc. No. 57] is GRANTED, and Riggs' IIED and defamation claims against Marks are DISMISSED WITH PREJUDICE. As a result of this Ruling, all claims against Marks have been dismissed.

MONROE, LOUISIANA, this 31st day of October, 2019.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE